UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00797-SEP |
| ) | |
| FIELDS FOODS INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the Court is the motion of self-represented Plaintiff Sidney Keys for leave to commence this civil action without prepayment of the required filing fee.[1]  Doc. [2].  Having reviewed the motion, the Court finds that it should be granted.  *See* 28 U.S.C. § 1915(a)(1).  Additionally, for the reasons set forth below, this action is dismissed.  *See id.* § 1915(e)(2)(B).

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

---

[1] The Court notes Plaintiff Sidney Keys has previously filed twenty-two (22) *in forma pauperis* civil cases, all of which have been dismissed upon initial review for failure to state a claim, voluntarily dismissed by Plaintiff, dismissed upon a Fed. R. Civ. P. 12(b)(6) motion, or dismissed for failure to comply with a Court order.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff filed this action against Defendant Fields Foods Inc. on the Court's civil complaint form. *See* Doc. [1]. Plaintiff asserts that on June 20, 2023, he was at Fields Foods when he witnessed a St. Louis City police officer, who was working as a security guard for Defendant, pepper spray an African American man who "appeared [] slight[ly] mentally deranged." *Id*. at 5. For relief, Plaintiff asks for a "federal investigation into the incident and crime. . . against the innocent African American man." *Id*.

## DISCUSSION

Having carefully reviewed the complaint, the Court finds that Plaintiff's claims must be dismissed because he does not have standing to bring a lawsuit asserting the rights of another individual.

Standing is a jurisdictional requirement that can be raised by the court *sua sponte* at any time during litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). A person must have standing in order to bring a claim, and to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Plaintiff, who is not an attorney, cannot represent another person in federal court, nor can he bring claims on behalf of others. *See* 28 U.S.C. § 1654 (in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause

pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.  A person must be litigating an interest personal to him."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).  Under Missouri law, a non-attorney representing another person in court is engaged in the unauthorized practice of law, which can carry criminal penalties.  *See* Mo. Rev. Stat. § 484.020.

Here, Plaintiff asserts he witnessed a Fields Food's employee assault a third party.  Plaintiff appears to bring this action on behalf of the allegedly assaulted individual, as he does not assert any personal injury.  Plaintiff asks for a "federal investigation into the incident . . . against the innocent African American man."  Because Plaintiff is not attempting to litigate an interest personal to him, this action must be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).  A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of July, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE